■ JOSEPH SICILIANO, Appellant, v STATE OF NEW YORK, Respondent. [742 NYS2d 282] —Order of the Court of Claims of the State of New York (S. Michael Nadel, J.), entered on or about April 20, 2001, which, inter alia, denied claimant's motion for summary judgment, unanimously affirmed, without costs.

Claimant sues to recover workers' compensation benefits to which he established an entitlement but which subsequently

became subject to an income execution to satisfy his former wife's lien for support payments. Claimant's principal contention in support of his motion for summary judgment, that income executions for support enforcement are not permitted where, as here, the funds subject to execution are awarded pursuant to a settlement approved by the Workers' Compensation Board pursuant to Workers' Compensation Law § 32, is incorrect. Workers' compensation benefits constitute "income" subject to execution for support enforcement pursuant to CPLR 5241, and its express authorization for such income executions upon workers' compensation benefits is specifically implemented by 12 NYCRR 300.29. While a settlement agreement approved pursuant to Workers' Compensation Law § 32 is binding, we perceive no conflict between the claimant's entitlement to workers' compensation benefits, as set forth in a section 32 settlement agreement, and the assertion by a claimant's former spouse of her entitlement pursuant to CPLR 5241 and 12 NYCRR 300.29 to execute upon the claimant's income, including his workers' compensation benefits, to satisfy the claimant's outstanding support obligations.

We have reviewed claimant's remaining arguments and find them unavailing. Concur—Williams, P.J., Saxe, Rosenberger and Lerner, JJ.